UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CEDRICK LEE POLLARD                                              PLAINTIFF

v.                               CIVIL ACTION NO. 4:06-CV-P134-M

JOE BLUE et al.                                               DEFENDANTS

**MEMORANDUM OPINION**

The plaintiff, Cedrick Lee Pollard, filed a *pro se*, *in forma pauperis* complaint and amended complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

The plaintiff, who is currently incarcerated at Luther Luckett Correctional Complex, filed a complaint suing Joe Blue, Jailer of the Hopkins County Jail, in his official capacity and the Hopkins County Jail Medical Department. He alleges that on July 24, 2006, while incarcerated at the Hopkins County Jail, he was very sick to his stomach and vomiting. He states that he repeatedly told jail staff of his condition and was told to fill out a sick call slip, which was never brought to him. He alleges that he eventually "collapsed" and when he came to he was strapped into a restraint chair and sent to the nurse's station where he was told he had a 24-hour stomach virus and was given a pill, "phinergen." When the vomiting continued in his cell, he was given a "red liquid." He states that on the night of July 25, he lay on the floor crawling to the bathroom to throw up and that he requested medical attention from Officer Steven, but nothing was done.

He states that at 7:00 am on July 26, he was worse and still not able to eat or drink. He states that he requested medical attention that afternoon and Officer Rickard told him that if he

did not eat he would be put on suicide watch. He alleges that later that day he collapsed again and was again strapped to a chair and taken to the nurse's station where he was given the same pill, then put in the "hole," and then sent to a room next to the booking area where he continued to vomit. He alleges that he was finally taken to the Union County Hospital on July 27, 2006. He states that he stayed at the Union County Hospital until he was taken to the Henderson County Hosptial on the 29th of July for emergency surgery. He does not explain what the nature of that surgery was. He asserts that his constitutional rights were violated because he was incarcerated in a facility that refused to give him proper medical attention and neglected his requests for help while in extreme pain. He also states that it was due to neglect that he was cut open and operated on. He requests $500,000 in monetary damages, $500,000 in punitive damages, and "medical relief for the rest of my life due to this problem."

The plaintiff's amended complaint[1] lists the following as defendants: Jailer Joe Blue; Officers Rickard, Pleasant, Stevens, Stone; two Nurse Jane Does; two Officer Jane Does; Nurse John Doe; and Officer John Doe, all in their individual and official capacities.[2] He alleges that on July 24, 2006, Office Jane Doe was indifferent to his medical needs when she neglected his

---

[1] This Court ordered the plaintiff to file an amended complaint. The plaintiff filed another complaint listing multiple new defendants. The plaintiff did not affix the case number in this case to the complaint, and the Clerk of Court opened a new action for that complaint. The Court then directed the plaintiff to clarify for the Court whether he intended to file a new action or whether his complaint in the new action was intended to be an amended complaint in the instant action. The plaintiff responded that he actually intended the new complaint to be an amended complaint in this action per the Court's Order. By separate Order entered this date, the Court has directed the Clerk of Court to close the new action and to transfer all filings in that action to the docket in this action.

[2] Although he does not name it as a defendant, the plaintiff states in the body of his amended complaint that Southern Health Partners are responsible for the nurses at Hopkins County Jail.

2

sick call request, denying needed treatment.  He alleges on July 25, 2006, Officer Stevens was indifferent when she did not pursue help for his condition and violated his civil rights to file a grievance and for a sick call.  He alleges that on July 25, 2006, Officer Stone was indifferent when he did not pursue help for his condition, leaving him to lie in "greenish yellow bowel" and violating his right to file a grievance.  He further alleges that on July 26, 2006, Officer Rickard was indifferent when she threatened him with suicide watch if he did not eat thereby inflicting emotional distress.  He further alleges that Officer John Doe was indifferent by not pursuing help and by leaving him in pain and that he violated his civil right to file a grievance.

On July 26, 2006, Officer Pleasant was indifferent in strapping him to a chair and putting him in the hole while he was in pain, leaving him with no way to get help.  He alleges that also on that date, from 4:30 to 5:00 pm, Officer John Doe was indifferent for the same reasons.  He alleges that Officer Jane Doe, on July 27, 2006, was indifferent when she did not pay attention to him while in extreme pain in clear view of the booking room, throwing up "bowel," and by neglecting his plea for help.  He alleges that during this time, Jailer Blue was indifferent when he failed to uphold his position and did nothing to ensure his medical staff or officers pursued all avenues to ensure his safety.  He alleges that Jailer Blue had knowledge of his sickness and was unwilling to alleviate the situation.

He further alleges that on July 26, 2006, from 3:30 to 4:00 pm Nurse Jane Doe was indifferent when she left him in pain, stating that he was fine after he had collapsed for the second time and two officers confined him to the hole.  Finally, he alleges that on July 27, 2006, from 12:30 to 1:00 pm, Nurse John Doe was indifferent when he stated that there was nothing he could do about the plaintiff's condition after the plaintiff asked for a doctor.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

### A.     *Claims against the defendants in their official capacities*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the plaintiff's claims against the defendants in their official capacities are actually brought against Hopkins County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the plaintiff has not alleged the existence of a governmental policy or

5

custom relative to the nature of his complaints and claims relating to his stomach problem. Because the plaintiff does not allege the existence of a direct causal link between a municipal policy or custom and the alleged Eighth Amendment violation, *see Monell*, 436 U.S. at 691, he has failed to state a claim for which relief may be granted against Hopkins County. Consequently, the plaintiff's claims against the defendants in their official capacities must be dismissed. *See* § 1997A(b).

### B.   *Claims against jail's medical department*

"A prison's medical department is not an entity with a corporate or political existence . . . ." *Hix v. Tenn. Dep't. of Corr.*, 196 F. App'x. 350, 355 (6th Cir. 2006); *Sullivan v. Hamilton County Jail Staff*, No. 1:05-CV-320, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006) (noting that jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued). Consequently, the plaintiff's claims against the jail's medical department will be dismissed.

### C.   *Individual-capacity claims regarding grievance rights*

The plaintiff alleges that many of the defendants violated his right to grieve. An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. County of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. The plaintiff has no right to an effective grievance procedure. *Ishaaq v. Compton*, 900 F. Supp.

935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Therefore, a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, the plaintiff's claims relating to being denied his right to a grievance must be dismissed for failure to state a claim.

### III. CONCLUSION

The Court will dismiss all official-capacity claims and all claims against the jail's medical department. Additionally, the Court will dismiss all individual-capacity claims regarding the plaintiff's alleged grievance right. The Court will permit to go forward the plaintiff's individual-capacity Eighth Amendment claims. The Court will enter a separate order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
Defendants
Hopkins County Attorney

4414.009